## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. _____ ) |
| JVANWINKLE TRUCKING, LLC,<br>Serve: Registered Agent<br>        James O. VanWinkle<br>        Route 1, Box 1164<br>        Winona, MO  65588 | ) ) ) ) ) ) |
| and | ) ) |
| PGT TRUCKING, INC.,<br>Serve: Registered Agent<br>        Curt King<br>        20 East Franklin<br>        Liberty, MO  64068 | ) ) ) ) ) ) |
| and | ) ) |
| NINA L. MARSHALL<br>Serve: 1121 Apple Creek Lane<br>        Old Appleton, MO 63770 | ) ) ) ) |
| and | ) ) |
| LORA B. SCHUMER,<br>Serve: 119 Cornus Lane<br>        Jackson, MO  63755 | ) ) ) ) |
| and | ) ) |
| EDWARD J. HUNTER,<br>Serve: 504 West Carpenter Street<br>        Jerseyville, IL  62052 | ) ) ) ) |
| and | ) ) |
| MAXWELL W. HUNTER,<br>Serve: 504 West Carpenter Street<br>        Jerseyville, IL  62052 | ) ) ) ) |

```
        and                                    )
                                               )
                                               )
L.H., a minor                                  )
Serve:  504 West Carpenter Street              )
        Jerseyville, IL  62052                 )
                                               )
        and                                    )
                                               )
REBECCA HUNTER,                                )
Serve:  504 West Carpenter Street              )
        Jerseyville, IL  62052                 )
                                               )
        and                                    )
                                               )
COLIN A. KEELE,                                )
Serve:  2213 Lakewood Drive                    )
        Cape Girardeau, MO  63701              )
                                               )
        and                                    )
                                               )
KEATON R. WATSON,                              )
Serve:  8885 Crab Tree Lane                    )
        Winona, MO  65588                      )
                                               )
        and                                    )
                                               )
BUCKLEY POWDER CO.,                            )
Serve:  CSC-Lawyers Incorporating              )
Service Co.                                    )
221 Bolivar St.                                )
Jefferson City, MO  65101                      )
                                               )
        and                                    )
                                               )
AMERICAN FAMILY MUTUAL                         )
INSURANCE COMPANY,                             )
Serve:  CSC-Lawyers Incorporating              )
        Service Co.                            )
        301 West High Street, Room 530         )
        Jefferson City, MO  65101              )
                                               )
        and                                    )
                                               )
STATE FARM MUTUAL AUTOMOBILE                   )
INSURANCE COMPANY,                             )
Serve:  CSC-Lawyers Incorporating              )
        Service Co.                            )
        221 Bolivar Street                     )
        Jefferson City, MO  65101              )
                                               )
```

2

| | |
|---|---|
| and | ) |
| | ) |
| MISSOURI DEPARTMENT OF TRANSPORTATION, | ) ) |
| Serve:  Patrick McKenna, Director | ) |
|        Missouri Department of Transportation | ) |
|        105 West Capitol Avenue | ) |
|        Jefferson City, MO  65102 | ) |
| | ) |
|     and | ) |
| | ) |
| STARR INDEMNITY & LIABILITY COMPANY, | ) ) |
| Serve:  Director of Insurance | ) |
|        Truman State Office Building | ) |
|        301 West High Street, Room 630 | ) |
|        Jefferson City, MO  65101 | ) |
| | ) |
|     and | ) |
| | ) |
| LIBERTY MUTUAL INSURANCE COMPANY, | ) ) |
| Serve:  CSC-Lawyers Incorporating Service Co. | ) ) |
| 221 Bolivar St. | ) |
| Jefferson City, MO 65101 | ) |
| | ) |
|     and | ) |
| | ) |
| SAINT FRANCIS MEDICAL CENTER | ) |
| Serve:  Registered Agent | ) |
| Justin Davison | ) |
| 211 Saint Francis Dr. | ) |
| Cape Girardeau, MO  63703 | ) |
|                     Defendants. | ) |

## **COMPLAINT FOR INTERPLEADER PURSUANT TO 28 U.S.C. §1335**

**COMES NOW** Interpleader Plaintiff, Acuity, A Mutual Insurance Company, by and through its undersigned counsel, and for its Complaint for Interpleader pursuant to 28 U.S.C. §1335 states as follows:

## THE PARTIES

1. Plaintiff, Acuity, A Mutual Insurance Company (hereinafter "Acuity"), is an insurance company domiciled in Wisconsin, with its principal place of business located at 2800 South Taylor Drive, Sheboygan, Wisconsin, and is a Citizen of the State of Wisconsin.

2. JVanWinkle Trucking, LLC ("JVanWinkle") is a Missouri limited liability company.

3. Nina L. Marshall is a citizen of the State of Missouri.

4. Lora B. Schumer is a citizen of the State of Missouri.

5. Edward J. Hunter is a citizen of the State of Illinois.

6. Maxwell W. Hunter is a citizen of the State of Illinois.

7. L.H. is a minor and a citizen of the State of Illinois.

8. Rebecca Hunter is a citizen of the State of Illinois.

9. Colin A. Keele is a citizen of the State of Missouri.

10. Keaton R. Watson is a citizen of the State of Missouri.

11. PGT Trucking, Inc. is a Pennsylvania corporation with its principal place of business in Aliquippa, Pennsylvania and, therefore, is a citizen of the State of Pennsylvania.

12. Buckley Powder Company is a Colorado corporation with its principal place of business in Englewood, Colorado, and, therefore, is a citizen of the State of Colorado.

13. American Family Mutual Insurance Company ("American Family") is an insurance company authorized to do business in the State of Missouri and incorporated by the State of Wisconsin, and, therefore, is a citizen of the State of Wisconsin pursuant to 28 U.S.C. §1332(c)(1).

14. State Farm Mutual Automobile Insurance Company ("State Farm") is an insurance company authorized to do business in the State of Missouri and incorporated by the

State of Illinois, and, therefore, is a citizen of the State of Illinois pursuant to 28 U.S.C. §1332(c)(1).

15.  Starr Indemnity & Liability Company ("Starr Indemnity") is an insurance company authorized to do business in the State of Missouri and incorporated by the State of New York, and, therefore, is a citizen of the State of New York pursuant to 28 U.S.C. §1332(c)(1).

16.  Liberty Mutual Insurance Company ("Liberty Mutual") is an insurance company authorized to do business in the State of Missouri and incorporated by the State of Massachusetts, and therefore is a citizen of the State of Massachusetts pursuant to 28 U.S.C. §1332(c)(1).

17.  Missouri Department of Transportation is an agency of the State of Missouri charged with oversight and control of the public highways and rights of way in the state, including equipment and fixtures located thereon.

18.  Saint Francis Medical Center is a Missouri nonprofit corporation and is thus a citizen of the State of Missouri.

**JURISDICTION AND VENUE AS TO STATUTORY INTERPLEADER**

19.  The United States District Court has original jurisdiction over this matter pursuant to the Federal Interpleader Statute, 28 U.S.C. §1335, because Plaintiff wishes to interplead an amount exceeding the value of $500, and because more than two of the Defendants are of diverse citizenship in that they are citizens of states different than that of Plaintiff and other Defendants.

20.  The Court has Personal Jurisdiction over all the Defendants pursuant to the provision for nationwide service of process contained in 28 U.S.C. §2361.

21.  Venue is proper in the United States District Court for the Southeastern District of Missouri pursuant to 28 U.S.C. §1397 because numerous Defendants reside in the judicial

district of the United States District Court for the Southeastern District of Missouri, and pursuant to 28 U.S.C. §1391(b)(2) because the property that is the subject of the action (the insurance proceeds) is located in such District, where the subject insurance policy was issued to the insured, JVanWinkle Trucking, LLC of Winona, Missouri.

## FACTUAL BACKGROUND

22. Acuity issued to JVanWinkle Trucking, LLC of Winona, Missouri, an insurance policy, Policy No. ZD8863, with effective dates of March 25, 2021, through September 16, 2021. A copy of the policy, with premium amounts redacted, is attached as Exhibit A.

23. This policy includes a "Business Auto Coverage Form" which provides coverage to the insured for liability for damages caused by an accident and resulting from the use of a motor vehicle.

24. This coverage part carries a limit of insurance of $1,000,000.00 per accident.

25. On June 1, 2021, an automobile accident took place on Interstate 55 in Cape Girardeau County, Missouri.

26. The accident involved several vehicles, including a tractor trailer owned by Acuity's insured, JVanWinkle, and operated by Defendant Keaton Watson, an employee of JVanWinkle, who was at the time operating the vehicle in the course and scope of his employment.

27. The following persons and entities were also involved in the accident and/or claim to have incurred damages as a result of the accident:

    a) Defendant Nina Marshall was the owner and operator of a vehicle involved in the collision and sustained bodily injuries as a result of the collision. The Marshall vehicle was insured by American Family;

b) Defendant American Family insured the vehicle owned and operated by Defendant Nina Marshall, which was damaged in the accident. American Family has paid or may be bound to pay for damages to that vehicle.

c) Defendant Lora Schumer was the owner and operator of a vehicle involved in the collision and sustained bodily injuries as a result of the collision. The Schumer vehicle was insured by Defendant State Farm;

d) Defendant State Farm insured the vehicle owned and operated by Defendant Lora Schumer, which was damaged in the accident. State Farm has paid or may be bound to pay for damages to that vehicle.

e) Defendant Edward Hunter was the operator of a vehicle involved in the collision and sustained bodily injuries as a result of the collision;

f) Defendant Maxwell Hunter was the owner of the vehicle operated by Edward Hunter and sustained property damage as a result of the collision;

g) Defendant L.H. was a passenger in the vehicle operated by Edward Hunter and sustained bodily injuries as a result of the collision;

h) Defendant Rebecca Hunter was a passenger in the vehicle operated by Edward Hunter and sustained bodily injuries as a result of the collision;

i) Defendant Colin Keele was the operator of a vehicle involved in the collision and sustained bodily injuries as a result of the collision;

j) Defendant Buckley Powder Co. was the owner of the vehicle operated by Colin Keele and sustained property damage as a result of the collision. The Keele vehicle was insured by Starr Indemnity & Liability Company.

k) Defendant Starr Indemnity insured the vehicle operated by Colin Keele, which was damaged in the accident. Starr Indemnity has paid or may be bound to pay for damages to that vehicle.

l) Defendant Liberty Mutual insured Buckley Powder Co. under a policy of workers compensation. Liberty Mutual has paid or may be bound to pay

7

            workers compensation benefits to Colin Keele for injuries sustained in the accident.

    m)    Defendant Missouri Department of Transportation owned and maintained certain property located in the roadway, median, and right-of-way which was damaged as a result of the accident.

    n)    Saint Francis Medical Center provided hospital services to Nina Marshall, Lora Schumer, Ed Hunter, L.H., and Rebecca Hunter and has asserted liens and an accompanying right to receive payment for those services.

28.    Defendant JVanWinkle is the named insured under the policy issued by Plaintiff and has an interest in the disposition of the policy proceeds and the resolution of the competing claims which have been asserted or may be asserted against it.

29.    Defendant Keaton Watson is an insured under the policy by virtue of his employment by JVanWinkle at the time of the accident, and has an interest in the disposition of the policy proceeds and the resolution of the competing claims which have been or may be asserted against him.

30.    Defendant PGT Trucking, Inc. is an insured under the policy to the extent it may be held liable for the actions of Defendant JVanWinkle or Defendant Watson.  PGT Trucking has a potential interest in the disposition of the policy proceeds and the resolution of the competing claims which have been or may be asserted against it.  PGT Trucking acted as the broker of the freight being transported by Defendant Watson and Defendant JVanWinkle at the time of the accident.

## COUNT I -- INTERPLEADER

31.    Plaintiff restates Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. The following Defendants have asserted, or may assert, claims against Plaintiff's insured JVanWinkle, its employee Defendant Keaton Watson, and its broker PGT Trucking, Inc. as follows:

 a)   Nina Marshall, for bodily injuries and other damages suffered in the collision;

 b)   American Family, which insured the Marshall vehicle, as subrogation for payments it has made or may make for damage to that vehicle;

 c)   Lora Schumer, for bodily injuries and other damages suffered in the collision;

 d)   State Farm, which insured the Schumer vehicle, as subrogation for payments it has made or may make for damage to that vehicle;

 e)   Edward Hunter, for bodily injuries and other damages suffered in the collision;

 f)   Maxwell Hunter, who owned the Hunter vehicle and sustained damage to that vehicle;

 g)   L.H., for bodily injuries and other damages suffered in the collision;

 h)   Rebecca Hunter, for bodily injuries and other damages suffered in the collision;

 i)   Colin Keele, for bodily injuries and other damages suffered in the collision;

 j)   Buckley Powder Co., who owned the Keele vehicle for property damage to that vehicle;

 k)   Starr Indemnity, which insured the Keele vehicle, as subrogation for payments it has made or may make for damage to that vehicle.

 l)   Liberty Mutual, which insured Buckely Powder Co. under a workers compensation policy, as subrogation for payments it has made or may make for injuries to Colin Keele.

    m)    The Missouri Department of Transportation for damage to its property located in or near the roadway which was damaged as a result of the collision.

    n)    Saint Francis Medical Center for hospital liens asserted in connection with treatment provided to Defendants Lora Schumer, Nina Marshall, Ed Hunter, L.H., and Rebecca Hunter.

33. Because of the numerous claims which Defendants have asserted or may assert against Plaintiff's insureds, and because of the serious damages suffered by Defendants, Plaintiff faces a real and reasonable risk of conflicting claims by Defendants and claims in excess of the coverage limits.

34. Two of the Defendants, Nina Marshall and Lora Schumer, have filed lawsuits against Plaintiff's insureds in the Circuit Court of Cape Girardeau County, Missouri, case numbers 22CG-CC00245 and 22CG-CC0195, further adding to the real and reasonable risk to Plaintiff of conflicting claims and claims in excess of the coverage limits.

35. Because Plaintiff is unable to resolve all such conflicting claims, Plaintiff wishes to deposit the sum of $1,000,000.00 into the Registry of this Court pursuant to 28 U.S.C. §1335, without prejudice to the rights of JVanWinkle Trucking, LLC, its employee Keaton Watson, and broker PGT Trucking to a defense against claims for damages arising from the accident at issue, and prays this Court to administer the fund to insure fair and equitable division of the insurance proceeds to the Defendants.

    WHEREFORE, Plaintiff prays:

    a)    That each of the Defendants and any potential claimant not currently a Defendant be ordered to assert their claims to the funds available under Plaintiff's policy;

b) That once Defendants' claims or any other claims to the funds are determined, or the funds are exhausted by payments of any claims, Plaintiff shall be dismissed from this cause of action and shall be discharged from all indemnity or liability obligations arising from the motor vehicle accident;

c) That the Court pursuant to 28 U.S.C. §2361 enjoin any of the Defendants or any other claimants from prosecuting any claims or suits against Acuity for damages arising from the automobile accident or affecting the insurance policy;

d) That the Court enter an order allowing Plaintiff to pay the insurance policy proceeds in the amount of $1,000,000 into the registry of the Court; and

e) That the Court grant such further or other relief as it deems just.

/s/ Elizabeth H. Weber
**ELIZABETH H. WEBER        #44122**
**JAMES R. HOWARD           #57866**
**ROGERS EHRHARDT – ATTORNEYS AT LAW**
Seven Oaks Business Center
302 Campusview Drive, Suite 204
Columbia, Missouri  65201
Telephone:  (573) 442-0131
Facsimile:  (573) 442-9423
E-Mail:  lweber@rogersehrhardt.com
E-Mail:  jhoward@rogersehrhardt.com
Attorney(s) for Plaintiff Acuity, A Mutual Insurance Company