UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Cause No. 1:23-CV-00015-SNLJ |
| v. | ) ) ) | |
| JVANWINKLE TRUCKING, LLC, PGT TRUCKING, INC., NINA L. MARSHALL, LORA B. SCHUMER, EDWARD J. JUNTER, MAXWELL W. HUNTER. L.H. A MINOR, REBECCA HUNTER, COLIN A. KEELE, KEATON R. WATSON, BUCKLEY POWDER CO., AMERICAN FAMILY MUTUAL INSURANCE COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, MISSOURI DEPARTMENT OF TRANSPORTATION, STARR IDEMNITY & LIABILITY COMPANY, LIBERTY MUTUAL INSURANCE COMPANY AND SAINT FRANCESS MEDICAL CENTER, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT AMERICAN FAMILY INSURANCE COMPANY'S ANSWER TO PLAINTIFF ACUITY, A MUTUAL INSURANCE COMPANY'S PETITION**

COMES NOW Defendant American Family Insurance Company (AFIC) and in answer to Plaintiff Acuity, A Mutual Insurance Company's Petition, states as follows:

1. Defendant AFIC admits Paragraph 1.

2. Defendant AFIC admits Paragraph 2.

3. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3, and therefore, holds Plaintiff to strict proof thereof.

4. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4, and therefore, holds Plaintiff to strict proof thereof.

5. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5, and therefore, holds Plaintiff to strict proof thereof.

6. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6, and therefore, holds Plaintiff to strict proof thereof.

7. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7, and therefore, holds Plaintiff to strict proof thereof.

8. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8, and therefore, holds Plaintiff to strict proof thereof.

9. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9, and therefore, holds Plaintiff to strict proof thereof.

10. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10, and therefore, holds Plaintiff to strict proof thereof.

11. Defendant admits Paragraph 11.

12. Defendant admits Paragraph 12.

13. Defendant admits Paragraph 13.

14. Defendant admits Paragraph 14.

15. Defendant admits Paragraph 15.

16. Defendant admits Paragraph 16.

17. Defendant admits Paragraph 17.

18. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18, and therefore, holds Plaintiff to strict proof thereof.

19. Defendant admits Paragraph 19.

20. Defendant admits Paragraph 20.

21. Defendant admits Paragraph 21.

22. Defendant admits Paragraph 22.

23. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23, and therefore, holds Plaintiff to strict proof thereof.

24. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24, and therefore, holds Plaintiff to strict proof thereof.

25. Defendant admits Paragraph 25.

26. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26, and therefore, holds Plaintiff to strict proof thereof.

27. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27, and therefore, holds Plaintiff to strict proof thereof.

   a. Defendant admits subpart (a) of Paragraph 27.

   b. Defendant admits subpart (b) of Paragraph 27.

   c. – n. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in subparts (c) through (n) of Paragraph 27, and therefore, holds Plaintiff to strict proof thereof.

28. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28, and therefore, holds Plaintiff to strict proof thereof.

29. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29, and therefore, holds Plaintiff to strict proof thereof.

30. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30, and therefore, holds Plaintiff to strict proof thereof.

**ANSWER TO COUNT I - INTERPLEADER**

31. For its Answer to Paragraph 31, Defendant restates and incorporates by reference paragraphs 1 through 30 above.

32. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32, and therefore, holds Plaintiff to strict proof thereof.

    a. Defendant admits subpart (a) of Paragraph 32.

    b. Defendant admits subpart (b) of Paragraph 32.

    c. – n. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in subparts (c) through (n) of Paragraph 32, and therefore, holds Plaintiff to strict proof thereof.

33. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 33, and therefore, holds Plaintiff to strict proof thereof.

34. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 34, and therefore, holds Plaintiff to strict proof thereof.

35. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 35, and therefore, holds Plaintiff to strict proof thereof.

WHEREFORE, Defendant American Family Insurance Company (AFIC) prays this Court to enter a judgment in favor of said Defendant in an amount commensurate with the evidence of Defendant American Family's claim, against the amount interpleaded by the Plaintiff. Defendant also prays this Court for an order allowing it to reserve any and all claims

that Defendant has against JVanWinkle, Keaton Watson, and any other named defendants in this action, to the extent Defendant AFIC's recovery against the funds interpleaded by the Plaintiff fail to fully satisfy Defendant's claim herein.

## COUNTER CLAIM OF DEFENDANT
## AMERICAN FAMILY INSURANCE COMPANY

COMES NOW Defendant American Family Insurance Company (AFIC) by and through counsel, and makes the following claim against Plaintiff Acuity, A Mutual Insurance Company, as follows:

1. Claimant/Defendant AFIC incorporates by reference the admitted allegations contained in Plaintiff's Petition for Interpleader and incorporates the same by reference herein.

2. At all times relevant hereto, claimant/Defendant AFIC insured the vehicle owned and operated by its insured Nina Marshall.

3. On or about June 1, 2021, as a direct and proximate result of the negligence of Plaintiff's insureds, JVan Winkle and Keaton Watson, a motor vehicle collision occurred, resulting in property damage to the vehicle owned and operated by Nina Watson, and insured by American Family Mutual Insurance Company, S.I. in the amount of $22,239.25.

WHEREFORE, Defendant American Family Insurance Company (AFIC) prays this Court to enter a judgment in favor of said Defendant in an amount commensurate with the evidence of Defendant American Family's claim, against the amount interpleaded by the Plaintiff. Defendant also prays this Court for an order allowing it to reserve any and all claims that Defendant has against JVanWinkle, Keaton Watson, and any other named defendants in this action, to the extent Defendant AFIC's recovery against the funds interpleaded by the Plaintiff fail to fully satisfy Defendant's claim herein.

_____
Stephanie A. Kennedy, #65741
P.O. Box 77055
Madison, WI 53707
(314) 542-0015 ext. 54632
Fax (866) 292-8815
skenned2@amfam.com
Attorney for American Family Insurance
Company (AFIC)

## **CERTIFICATE OF SERVICE**

I hereby certify that on this _27th_ day of _February, 2023___, this document was electronically filed through the Court's e-file system which will provide copies of same to all attorneys of record.

_____