# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 1:23-CV-00015-SNLJ<br>) |
| JVANWINKLE TRUCKING, LLC, et al., | )<br>)<br>) |
| Defendants. | ) |

## AMENDED CONSENT JUDGMENT

**WHEREAS**, on June 1, 2021, an automobile accident occurred involving several vehicles, including a tractor trailer insured by Plaintiff Acuity, a Mutual Insurance Company ("Acuity");

**WHEREAS**, Plaintiff Acuity filed this interpleader action to determine distribution of the proceeds of Acuity insurance policy number ZD8863;

**WHEREAS**, Plaintiff Acuity previously deposited with the Court the amount of $1,000,000 (One Million Dollars), which is the policy limit of policy number ZD8863;

**WHEREAS**, the Court ordered that the parties participate in alternative dispute resolution and the parties did participate in a mediation on April 3, 2024;

**WHEREAS**, the parties were able to reach agreement as to how the $1,000,000 should be distributed amongst them;

**NOW, THEREFORE,** with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. § 1335. Venue is proper in this court pursuant to 28 U.S.C. § 1397 and 28 U.S.C. § 1391(b)(2).

2. Defendant Heidtman Steel Products, Inc. has waived any interest it might have to the interpleaded funds.

3. Defendant Nucor Corporation did not participate in the mediation and has waived any interest it might have to the interpleaded funds.

4. Defendant PGT Trucking did not participate in the mediation and has waived any interest it might have to the interpleaded funds.

5. Defendant Buckley Powder Company was paid by its insurer, Starr Indemnity & Liability Company, for its property damage loss and has no further interest in the interpleaded funds.

6. Default judgments were previously entered by this Court as to defendants State Farm Mutual Automobile Insurance Company, JVanWinkle Trucking LLC, and Keaton Watson, and any interests of those parties to the interpleaded funds were thereby terminated.

7. Defendant Saint Francis Medical Center has agreed to negotiate separately with the injured parties and their counsel to reach resolution of its medical liens, with said liens to be satisfied out of the interpleader proceeds allocated to each such injured party.

8. Defendant Liberty Mutual Insurance has agreed to negotiate separately with Defendant Colin Keele and his counsel to reach resolution of its workers compensation lien, with said lien to be satisfied out of the interpleader proceeds allocated to Mr. Keele. The sum allocated to Defendant Liberty Mutual Insurance described in paragraph 9(i), below, represents payment of its property damage claim only.

9. The Court hereby appoints Rebecca Hunter, natural mother of L.H., to serve as Next Friend of L.H., a minor, for purposes of this litigation and receipt of the interpleaded funds on behalf of the minor.

10. The $1,000,000 in interpleaded funds, together with any interest accumulated on such interpleaded funds, shall be distributed and the Clerk of Court is directed to pay from the interpleaded funds as follows:

    a. The sum of Five Hundred Twenty-Seven Thousand Seven Hundred Twenty-Five and 00/100 Dollars ($527,725.00) plus 52.77% of any interest accumulated on the interpleaded funds, made payable to Lora Schumer and Cook Barkett Ponder & Wolz;

    b. The sum of Four Hundred Thirty-One Thousand Seven Hundred Seventy-Five and 00/100 Dollars ($431,775.00) plus 43.18% of any interest accumulated on the interpleaded funds, made payable to Nina Marshall and Cook Barkett Ponder & Wolz;

    c. The sum of Seventeen Thousand Five-Hundred and 00/100 Dollars ($17,500.00) plus 1.75% of any interest accumulated on the interpleaded funds, made payable to Colin Keele and Johnson, Schneider and Ferrell, LLC;

    d. The sum of Five Hundred and 00/100 Dollars ($500.00) plus .05% of any interest accumulated on the interpleaded funds, made payable to Rebecca Hunter and Page Law, LLC;

    e. The sum of Five Hundred and 00/100 Dollars ($500.00) plus .05% of any interest accumulated on the interpleaded funds, made payable to Edward Hunter and Page Law, LLC;

f. The sum of Fifteen Thousand and 00/100 Dollars ($15,000.00) plus 1.5% of any interest accumulated on the interpleaded funds, made payable to Maxwell Hunter and Page Law, LLC;

g. The sum of Four Thousand and 00/100 Dollars ($4,000.00) plus .4% of any interest accumulated on the interpleaded funds, made payable to Rebecca Hunter as Next Friend of L.H., and Page Law, LLC;

h. The sum of One Thousand and 00/100 Dollars ($1,000.00) plus .1% of any interest accumulated on the interpleaded funds, made payable to American Family Mutual Insurance Company, S.I.;

i. For the Liberty Mutual Insurance property claim: the sum of One Thousand and 00/100 Dollars ($1,000.00) plus .1% of any interest accumulated on the interpleaded funds, made payable to "Matthiesen, Wickert & Lehrer, S.C. Trust Account" and mailed to Matthiesen, Wickert & Lehrer, S.C., Attn: Meghan Henthorne, 1111 E. Sumner Street, P.O. Box 270670, Hartford, WI 53027;

j. The sum of One Thousand and 00/100 Dolars ($1,000.00) plus .1% of any interest accumulated on the interpleaded funds, made payable to Starr Indemnity & Liability Company and Lewis Brisbois Bisgarrd & Smith, LLP.

It is SO ORDERED on this 19th day of August, 2024.

_____
Honorable Stephen N. Limbaugh, Jr.
Senior United States District Judge